UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Jose Delgado,** | |
| Plaintiff, | Case No. |
| v. | 1:21-cv-251 |
| **Pro Custom Solar LLC d/b/a Momentum Solar,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Jose Delgado** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Pro Custom Solar, LLC d/b/a Momentum Solar** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*. and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hutto, Texas 78634.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a business entity with headquarters, principal place of business or otherwise valid mailing address located at 325 High Street Metuchen, New Jersey 08840.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number ending in 2710.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around November of 2019, Defendant called Plaintiff on his cellular telephone for solicitation purposes.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling him using an automatic telephone dialing system and automatic and/or pre-recorded messages as he received calls from Defendant that began with a noticeable pause prior to a live representative of Defendant coming on the line.

15. Plaintiff was not interested in solar panels, did not request information from Defendant, and did not consent to Defendant's calls.

16. However, in order to ascertain the source of the calls, Plaintiff did set up an appointment with a representative and requested a copy of his company identification at that time.

17. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

18. Plaintiff has been on the Do Not Call Registry since October 2, 2003.

19. Despite Plaintiff's being on the Do Not Call Registry, Defendant persisted in calling Plaintiff.

20. Defendant's calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

35. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERICAL CODE

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

42. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all

reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Jose Delgado,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

g. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

h. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

i. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **JOSE DELGADO**, demands a jury trial in this case.

Respectfully submitted,

Dated: 03/17/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com