UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Jose Delgado,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**Pro Custom Solar LLC d/b/a Momentum Solar,**<br><br>　　　　　Defendant. | Case No. 1:21-cv-0251-LY<br><br>Amended Complaint and Demand for Jury Trial |

## AMENDED COMPLAINT

**Jose Delgado** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Pro Custom Solar, LLC d/b/a Momentum Solar** (Defendant):

### INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*. and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012). This court has supplemental jurisdiction over any state law claims

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Hutto, Texas 78634.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a business entity with headquarters, principal place of business or otherwise valid mailing address located at 325 High Street Metuchen, New Jersey 08840.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff has used a cell phone, the last four digits of which are 2710.

11. Plaintiff's cell phone number has been on the Do Not Call Registry since October 2003.

12. Plaintiff registered his cell phone on the Do Not Call Registry in order to obtain solitude and to avoid irritating solicitation calls.

13. Beginning in or around November of 2019, Defendant called Plaintiff on his cellular telephone for solicitation purposes. Specifically, Defendant was selling solar energy.

14. Plaintiff did not have an interest in procuring solar energy and did not consent to receiving calls about same.

15. Between November 2019 and March 2020, Defendant called Plaintiff on at least six (6) occasions.

16. The calls from Defendant to Plaintiff were made on dates including but not limited to November 8, 2019, January 29, 2020, January 30, 2020 and February 2, 2020.

17. Upon information and belief, Defendant used a dialing system which had the capacity to store or call phone numbers using a random or sequential number generator.

18. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for marketing, collection and communication purposes.

19. Upon information and belief, Defendant utilizes a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

20. The dialing system used by Defendant calls phone numbers stored in those databases.

21. Accordingly, Defendant's dialing system has the capacity to dial numbers using a random or sequential number generator.

22. Upon information and belief, Defendant's dialing system includes equipment which dials from the stored list of 10 digit consumer telephone numbers.

23. Defendant's dialing system employs computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

24. Furthermore, Defendant's dialing system uses computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

25. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

26. Plaintiff believes and avers that Defendant called him with an automatic telephone dialing system. Plaintiff believes this because Defendant's calls to Plaintiff began with a noticeable pause prior to a live representative of Defendant coming on the line.

27. While Plaintiff has not had the benefit of discovery, he intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

28. Plaintiff was not interested in solar panels, did not request information from Defendant, and did not consent to Defendant's calls.

29. However, because Defendant's agents refused to disclose the name of the company that was irritating and disrupting Plaintiff's solitude, in order to ascertain the source of the calls, Plaintiff set up an appointment with a representative and requested a copy of his company identification at that time.

30. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

31. Defendant's calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

25. Defendant's calls were not made for "emergency purposes."

26. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

27. Defendant exhibited willfulness in its violation of the TCPA by contacting Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National

Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

33. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

34. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

35. Upon information and belief, Defendant is not registered as a telephone solicitor.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### COUNT III
### DEFENDANT VIOLATED § 302.101 OF
### THE TEXAS BUSINESS & COMMERICAL CODE

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless

the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

42. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Jose Delgado,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

    g.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

    h.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

    i.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **JOSE DELGADO**, demands a jury trial in this case.

Respectfully submitted,

Dated: 05/07/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com

## CERTIFICATE OF SERVICE

I, Amy L.B. Ginsburg, Esq. hereby certify that I served a true and correct copy of the foregoing on all parties via ECF.

*/s/ Amy L.B. Ginsburg*