UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE DELGADO | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-0251-LY |
| | § | |
| PRO CUSTOM SOLAR LLC d/b/a | § | JURY DEMANDED |
| MOMENTUM SOLAR | § | |
| | § | |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant") files its Rule

12(b)(6) Motion to Dismiss, and respectfully shows the Court as follows.

### I.    BACKGROUND AND INTRODUCTION

1.     On March 17, 2021, Plaintiff Jose Delgado ("Plaintiff") filed his Complaint against

Defendant.

2.     On April 23, 2021, Defendant filed its Rule 12(b)(6) Motion to Dismiss Plaintiff's

Complaint.

3.     On May 7, 2021, Plaintiff filed his First Amended Complaint ("FAC").

4.     Plaintiff's causes of action arise under the Telephone Consumer Protection Act, 47

U.S.C. § 227 ('TCPA").  Plaintiff alleges Defendant unlawfully contacted him in connection with

telephone solicitations.  Plaintiff also alleges Defendant violated § 302.101 of the Texas Business

& Commerce Code through that same conduct.

5.     On April 1, 2021, the United States Supreme Court decided *Facebook, Inc. v.

Duguid*, Case No. 19-511.  The *Duguid* Court ruled that the definition of automatic telephone

dialing system ("ATDS") is much narrower than courts around the country had believed.  That

ruling, in turn, limits the viability of TCPA lawsuits that rely on an ATDS theory.  Plaintiff's is

one such lawsuit.

6.        Plaintiff's three-count FAC should be dismissed for failure to state a claim.  Count

One does not state a claim because, given the *Duguid* Court's narrowing of the ATDS definition,

Plaintiff fails to establish that Defendant unlawfully used an ATDS.  Count Two does not state a

claim because Plaintiff fails to establish that Defendant placed two unsolicited calls within a 12-

month period; indeed, Plaintiff concedes that he made an appointment with Defendant.  Count

Three does not state a claim because, if Counts One and Two are dismissed, this Court will lack

subject-matter jurisdiction seeing as Count Three arises from a Texas statute.

## II.        ARGUMENT AND AUTHORITIES

### A.        Legal Standard:  Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

7.        "Rule 12(b)(6) allows for dismissal of an action 'for failure to state a claim upon

which relief can be granted.'"  *Cahill v. TurnKey Vacation Rentals, Inc.*, No. 1:20-cv-0441, 2020

U.S. Dist. LEXIS 236346, at *3 (W.D. Tex. Nov. 13, 2020).  "Although a complaint does not need

detailed factual allegations, in order to avoid dismissal the factual allegations 'must be enough to

raise a right to relief above the speculative level.'"  *Id.* at *3-4 (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).

8.        "A plaintiff's obligation 'requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do.'"  *Id.* at *4 (quoting *Twombly*,

550 U.S. at 555).  "[A] complaint must contain sufficient factual matter to state a claim to relief

that is plausible on its face."  *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.**       **As for Count One, Plaintiff Fails to State a Claim Under the TCPA Because Plaintiff Fails to Allege Facts Establishing Unlawful Use of an ATDS.**

9.       Plaintiff alleges—in conclusory fashion—that Defendant violated the TCPA by contacting him via an unlawful ATDS.  There are two reasons why Count One cannot survive a dismissal motion.

10.       *First*, Plaintiff's ATDS allegations are conspicuously disconnected from the ATDS definition.  The allegations do not jive with the statute itself or the U.S. Supreme Court's recent *Duguid* decision.

11.       The TCPA defines an ATDS to mean "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

12.       Plaintiff alleges the dialer at issue calls telephone numbers that are stored in a consumer database.  FAC ¶¶ 18-23.  Plaintiff further alleges that the dialer "has the present *and/or future* capacity to dial numbers in a random and/or sequential fashion."  *Id.* at ¶ 24 (emphasis added).

13.       On their face, those allegations have no bearing on whether Defendant's dialing technology "has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  Plaintiff balks at alleging Defendant contacted him using a random or sequential number generator.  Instead, Plaintiff merely alleges that Defendant's dialing technology initiated the call in an automatic manner (*i.e.*, that Defendant pulled Plaintiff's phone number from a non-random database).  Then Plaintiff alleges, in passing, Defendant's dialing technology *might* have the *potential* to be fitted with a random or sequential number generator—but again, Plaintiff balks at alleging that a number generator was used to call him.

14.     This is not a case where the claimant is parroting legal elements to bring a lawsuit. Rather, this is a case where Plaintiff's allegations do not align with the elements for the claim he is attempting to bring.  Plaintiff is trying to force a square peg into a round hole.

15.     The Western District of Texas recently considered—and rejected—a complaint that attempted to do exactly what Plaintiff attempts here.  To wit, this Court dismissed a complaint that attempted to deem dialing technology an ATDS without alleging that the technology randomly generated the telephone numbers it dialed.  *Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479 (W.D. Tex. 2020).  Here, Plaintiff similarly fails to allege random generation of telephone numbers and his FAC should be sent to the same destination: dismissal.  *See also Garcia v. Rauch-Milliken Int'l, Inc.*, No. 5:18-cv-1028, 2020 U.S. Dist. LEXIS 117585, at *14 (W.D. Tex. Feb. 14, 2020) (explaining that "future capacity" of dialing technology is immaterial, and that what matters is how the technology is actually used to make the calls).

16.     Plaintiff concedes that he is not so much alleging Defendant used an ATDS as he is alleging Defendant used a "predictive dialer" (*i.e.*, a dialing technology that selects numbers from a non-random database and assigns human representatives to the recipient when the call is picked up).  FAC ¶ 19.  The U.S. Supreme Court's *Duguid* decision, however, makes clear that alleging a "predictive dialer" does not state a claim for unlawful ATDS usage.  (slip op. at 7); *see also Johnson v. Comodo Group, Inc.*, No. 16-cv-4469, 2020 U.S. Dist. LEXIS 18033, at *12 (D.N.J. Jan. 31, 2020) (explaining that a "predictive dialer" stores pre-programmed numbers, or receives numbers from a computer database, and then dials them in an efficient manner).

17.     *Second*, even assuming Plaintiff's ATDS definition aligned with the statute's definition, Plaintiff provides no facts—whatsoever—that connect his conclusory allegations with actual ATDS usage.  *See Neria v. Dish Network L.L.C.*, No. 6:19-cv-0430, 2020 U.S. Dist. LEXIS

108169, at *11-12 (W.D. Tex. June 19, 2020) ("The 'TCPA plaintiff has to prove that ATDS was used.'") (quoting *Ruffrano v. HSBC Fin. Corp.*, No. 15-cv-0958, 2017 U.S. Dist. LEXIS 132674, at *17 (W.D.N.Y. Aug. 17, 2017)).

18.     Plaintiff claims he "believes" Defendant used an ATDS because there was a "noticeable pause prior to a live representative of Defendant coming on the line."  FAC ¶ 26.

19.     Courts across the country have considered that same "pause or delay" allegation, and ruled that it is insufficient to state a TCPA claim.  *See, e.g.*, *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1308-09 (S.D. Fla. 2016) ("Courts have routinely rejected similar claims by plaintiffs who try to maintain a TCPA claim on the belief that an ATDS was used based on 'clicks,' 'delays,' or 'dead air' on the other end of the line."); *Smith v. Aitima Med. Equip., Inc.*, No. 16-0339, 2016 U.S. Dist. LEXIS 113671, at *18 (C.D. Cal. July 29, 2016) ("One call and one pause, standing alone, do not take the claim of the use of an ATDS beyond the speculative level."); *Danehy v. Jaffe & Asher, LLP*, No. 5:14-cv-60, 2015 U.S. Dist. LEXIS 32579, at *22 (E.D.N.C. Mar. 17, 2015) (rejecting TCPA claim where plaintiff merely alleged "presence of 'hesitation' on the other end of the line").

20.     The *Duguid* decision only confirms that a "pause or delay" allegation cannot survive a dismissal motion.  Before *Duguid*, when many courts viewed the ATDS definition as extending to most dialing technologies, a "pause" suggested some sort of dialing technology had been used.  The use of dialing technology, virtually by default, tied the "pause" allegation to an ATDS.  Now with *Duguid* decided, a narrow ATDS definition is the law of the land.  The suggestion that *a* dialing technology is used, that suggestion no longer connects a chain of inferences to an ATDS.  To allow ATDS claims to survive based solely on a "pause or delay" allegation would render *Duguid* meaningless.

21.     Beyond Plaintiff's insufficient "pause" allegation, the balance of his pleading only alleges facts to support his "predictive dialer" theory.  FAC ¶¶ 18-25.  For reasons already noted, those allegations do not and cannot state an ATDS claim.

**C.     As for Count Two, Plaintiff Fails to State a Claim Under the TCPA Because Plaintiff Fails to Allege Facts Establishing Multiple Unsolicited Telemarketing Calls.**

22.     Plaintiff alleges—again in conclusory fashion—that Defendant violated the TCPA because his phone number is on the national DNC registry.  FAC ¶ 33.

23.     Plaintiff's own allegations defeat the claim he is attempting to bring.  That is because Plaintiff concedes he invited the calls he allegedly received.

24.     Plaintiff concedes that he went so far as to set up an appointment with a Defendant representative.  *Id.* at ¶ 29.  Plaintiff all but welcomed his contacts with Defendant.

25.     A litigant is barred, as a matter of law, from bringing a TCPA DNC claim if that same litigant invited the phone calls.  That is because the "telephone solicitation" definition expressly excludes calls made with the recipient's "prior express invitation or permission."  47 C.F.R. § 64.1200(f)(15)(i).

26.     At best, Plaintiff appears to allege that he received one unsolicited call and then invited all others.  Plaintiff's FAC is as clear as mud on this point, which is apparently Plaintiff's intention.  That is because Plaintiff knows that one phone call fails to state a TCPA DNC claim. The TCPA requires two unsolicited phone calls, within one year, before a violation can be said to have occurred.  47 U.S.C. § 227(c)(5).

**D.     This Court Lacks Subject-Matter Jurisdiction to Hear Plaintiff's Remaining Claim, Brought under Texas State Law, if the TCPA Claims are Dismissed**

27.     Assuming Plaintiff's TCPA claims in Counts One and Two are dismissed, then Count Three must also be dismissed for lack of subject-matter jurisdiction.

28.     Within Count Three, Plaintiff alleges Defendant violated § 302.101 of the Texas Business & Commerce Code.

29.     If this Court rules Plaintiff is unable to state a claim under the TCPA, then it will no longer have subject-matter jurisdiction over Plaintiff's § 302.101 claim.  *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

### III.     CONCLUSION AND PRAYER

For the reasons set out in this motion, Defendant prays that this Court grant its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*/s/ Thomas G. Jacks*
**THOMAS G. JACKS**
Texas Bar No. 24067681
tjacks@hartlinebarger.com

**HARTLINE BARGER, LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 (telephone)
(214) 369-2118 (facsimile)
**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

On the 21st day of May, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties pursuant to the Federal Rules of Civil Procedure.

*/s/ Thomas G. Jacks*
Thomas G. Jacks