UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE DELGADO | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-0251-LY |
| | § | |
| PRO CUSTOM SOLAR LLC d/b/a | § | JURY DEMANDED |
| MOMENTUM SOLAR | § | |
| | § | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant") files its reply in further support of its Rule 12(b)(6) Motion to Dismiss, and respectfully shows the Court as follows.

### I.   BACKGROUND AND INTRODUCTION

1. Within its initial papers, Defendant explained that the three-count First Amended Complaint ("FAC") filed by Plaintiff Jose Delgado ("Plaintiff") should be dismissed because—even if every allegation in his pleading is accepted as true—the FAC fails to state any cause of action.

2. Plaintiff's causes of action purport to arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges Defendant unlawfully contacted him in connection with telephone solicitations. Plaintiff also alleges Defendant violated § 302.101 of the Texas Business & Commerce Code through that same conduct.

3. In the face of Defendant's dismissal motion, and after one pleading amendment already, Plaintiff's opposition fails to salvage his lawsuit. Indeed Plaintiff's opposition, as discussed in greater detail below, only reinforces that Plaintiff's FAC should be dismissed.

## II.     ARGUMENT AND AUTHORITIES

**A.    Count One of the FAC Should Be Dismissed, Because Plaintiff's Opposition Fails to Carry Plaintiff's Insufficient ATDS Allegations Across the Pleading Threshold.**

4.     Within Count One, Plaintiff alleges that Defendant unlawfully used an automatic telephone dialing system ("ATDS").

5.     Defendant's initial papers cited a number of reasons why Count One fails as a matter of law.  Plaintiff's opposition, by contrast, provides no compelling reason calling for Count One to continue to linger.  There are three conspicuous flaws in Plaintiff's opposition.

6.     *First*, Plaintiff misinterprets a recent Supreme Court decision that reined in ATDS claims.

7.     On April 1, 2021, the U.S. Supreme Court clarified the ATDS definition and adopted its narrowest reading.  *Facebook, Inc. v. Duguid*, No. 19-511 (slip op.).

8.     As per the U.S. Supreme Court, the "random or sequential number generator" is absolutely necessary to make the dialing technology unlawful.  *Id.* (slip op. at 7) ("In sum, Congress' definition of an autodialer requires that in all cases . . . the equipment in question must use a random or sequential number generator.").  If the dialing technology merely dials numbers—even if automatically—from a stored list, then it is not an ATDS.  *Id.*

9.     The U.S. Supreme Court provided expansive, compelling support for its ruling. First, the need for a random or sequential number generator is a natural conclusion that follows from the TCPA's plain language.  *Id.* (slip op. at 5-7).  Second, limiting the TCPA to random or sequential calls is more in keeping with Congress's intent.  *Id.* (slip op. at 8-9).  The goal of the TCPA, per that intent, is to prevent the inscrutable practice of plodding through a number sequence (*i.e.*, 555-555-5555, 555-555-5556, *etc.*).  Third, the Court recognized that the broad definition

"would capture virtually all modern cell phones," which can harness smartphone applications to automatically message or call the phone's stored contacts.  *Id.*

10.     The U.S. Supreme Court's decision is well-suited for motions that seek pre-answer dismissal.  *Duguid* arose from a pre-answer dismissal motion.  The U.S. District Court for the Northern District of California had dismissed the plaintiff's complaint, *Duguid v. Facebook, Inc.*, No. 15-cv-0985, 2017 U.S. Dist. LEXIS 22562 (N.D. Cal. Feb. 16, 2017); the Ninth Circuit reversed and reinstated the complaint, *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019); but the U.S. Supreme Court reversed the Ninth Circuit's reversal.  *Duguid* (slip op. at 12).

11.     Against that backdrop, Plaintiff arguing that *Duguid* supports his claim is Plaintiff attempting to extinguish a fire with a flamethrower.  There is no basis for Plaintiff's contention that *Duguid* extended the ATDS definition to technology that dials from a non-random list.  *Duguid* says the opposite of what Plaintiff says it says.  (slip op. at 7).

11.     A reader could throw a dart at the *Duguid* decision and likely strike language that calls for Count One to be dismissed.  That is because there is nothing in *Duguid*—whatsoever—that is favorable to Plaintiff's ATDS claim.

12.     *Second*, Plaintiff doubles down on his insufficient "pause" allegations.

13.     Plaintiff contends that other courts have ruled "pause" allegations sufficiently state an ATDS claim.  Opp. 4-5.

14.     The problem with Plaintiff's argument, unfortunately, is that his cited authorities all came prior to *Duguid* and thus relied upon an out-of-date ATDS definition.

15.     As noted in Defendant's initial papers, a litigant could more easily tie dialer allegations to an ATDS claim before *Duguid*.  The litigant could attempt to build a chain of

inferences, typically involving the allegation that he heard a "pause" when he picked up the phone. The use of dialing technology, virtually by default, tied the "pause" allegation to an ATDS.

16. Now with *Duguid*'s narrow reading of the ATDS definition, the "pause" allegation stands no chance at linking the inference chain. The suggestion that *a* dialing technology is used is no longer a suggestion that an ATDS is used.

17. *Third*, Plaintiff misinterprets and misapplies a recent District Court decision. Opp. 6-7 (citing *Bell v. Portfolio Recovery Assocs., LLC*, No. 5:18-cv-0243, 2021 U.S. Dist. LEXIS 75096 (W.D. Tex. Apr. 13, 2021)).

18. In *Bell*, Judge Garcia ruled that the parties in a TCPA case should re-submit their dispositive motions because *Duguid* was decided during the motions' pendency. 2021 U.S. Dist. LEXIS 75096, at *2. That ruling has no bearing on the present matter, because Defendant filed its dismissal motion nearly two months after *Duguid* was decided.

19. Judge Garcia further noted that, per the plaintiff's interpretation of *Duguid*, a dialer might be an ATDS if it used a random generator to determine the order in which numbers within a database are dialed. *Id.* at *2 n.4. Notably, Judge Garcia did not adopt the plaintiff's interpretation; Judge Garcia merely summarized the plaintiff's argument. *Id.* at *2 n.5 ("[T]hat the Court is permitting additional discovery . . . should not be interpreted as a signal that the Court has adopted Plaintiff's position . . . ."). Here, Plaintiff misinterprets *Bell* with his suggestion that this District adopted the broadest reading of *Duguid*.

20. To make matters worse, Plaintiff misapplies his own misinterpretation of *Bell*. Plaintiff's FAC does not plead facts establishing that Defendant's dialing technology randomly selects numbers from a database. Plaintiff's FAC pleads the opposite: "Defendant's dialing system uses computer code and/or algorithms to determine the orders/sequence of calls to be automatically

{02564801.DOCX;1 }4

dialed." FAC ¶ 24. *See Barnett v. Bank of Am., N.A.*, No. 3:20-cv-0272, 2021 U.S. Dist. LEXIS 101171, at *9-10 (W.D.N.C. May 28, 2021) (explaining that a dialer is not an ATDS even if it randomly re-dials database numbers where initial calls had not been answered, because the determination to specifically dial numbers where initial calls had not been answered is a non-random determination).

21. At bottom, Plaintiff's FAC fails as a matter of law to state an ATDS claim. Plaintiff's opposition did not—because it cannot—change the insufficient allegations that riddle Plaintiff's insufficient pleading. The ATDS claim should therefore be dismissed.

**B.    Count Two of the FAC Should Be Dismissed, Because Plaintiff's Opposition Largely Concedes That He Invited the Very Calls He Claims Were Uninvited.**

22. Within Count Two, Plaintiff attempts to assert that Defendant unlawfully contacted him despite his phone number's registration on the national do-not-call ("DNC") database. Defendant's initial papers pointed out that Plaintiff's own FAC concedes he consented to be called, because Plaintiff's own FAC concedes, "Plaintiff set up an appointment with a representative and requested a copy of his company identification at that time." FAC ¶ 29.

23. Where an individual, like Plaintiff here, consents to be called, that individual cannot bring a DNC claim. 47 C.F.R. § 64.1200(f)(15)(i). Even if an individual receives a violative call, if he invites all calls that follow then he is still barred from bringing a DNC claim. That is because the individual must have been contacted twice, in a 12-month period, in violation of the DNC regulations. 47 U.S.C. § 227(c)(5). One uninvited call, followed by invited calls, is not a DNC claim.

24. Plaintiff's opposition tries to sidestep his own FAC's admissions in a half-hearted dance. Plaintiff raises two distinct arguments, and neither are compelling.

25. *First*, Plaintiff's counsel attempts to rewrite Plaintiff's own narrative, by arguing that the calls he allegedly received all preceded whatever appointment he made. That is not, however, what Plaintiff's FAC says. The FAC leaves unanswered which events happened in which order.

26. Plaintiff's inability—and unwillingness—to stick to the facts pleaded in his FAC should not be countenanced. A litigant cannot amend a pleading through arguments made by counsel within a brief. "'[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.'" *Cont'l Auto. Sys. v. Avanci*, 485 F. Supp. 3d 712, 725 (N.D. Tex. 2020) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011)).

27. *Second*, Plaintiff appears to believe he has a privilege, entitlement, or other right to surreptitiously bait Defendant into calling him—all so that Plaintiff can turn those calls into his insufficiently pleaded lawsuit.

28. Plaintiff argues, "An investigative 'appointment' to ascertain an anonymous robo-caller's identity does not 'welcome' robo-calls any more than an undercover police officer welcomes narcotics sales, or 'To Catch a Cheater' welcomes infidelity." Opp. 8.

29. With all due respect to Plaintiff, there is no self-deputization exemption in the TCPA. If a call is invited, then it cannot give rise to a DNC claim. 47 C.F.R. § 64.1200(f)(15)(i). Plaintiff cannot circumvent the law because his "investigative" motive fueled his inviting Defendant's calls.

30. Given that the facts actually pleaded in Plaintiff's FAC fail to state a claim, and given that Plaintiff's explanation for inviting the calls is immaterial as a matter of law, Count Two should be dismissed.

C. **Count Three of the FAC Should Be Dismissed, Because Plaintiff's Opposition Ignores the Argument Calling for Its Dismissal within Defendant's Initial Papers.**

31. Within Count Three, Plaintiff attempts to attach a State law claim to the subject-matter jurisdiction secured by the federal claims in Counts One and Two.

32. Defendant's initial papers explained that, if Counts One and Two are dismissed, then Count Three can no longer claim supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

33. Plaintiff's opposition ignores Defendant's argument. Opp. 8-9. Plaintiff does not, because he cannot, argue that Count Three has an independent basis for subject-matter jurisdiction.

34. That Plaintiff ignores Defendant's argument does not make it disappear. If this Court dismisses Counts One and Two, then this Court should dismiss Count Three for lacking subject-matter jurisdiction.

### III.   CONCLUSION AND PRAYER

For the reasons set out in this reply, and within its initial papers, Defendant prays that this Court grant its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

SCHENCK, PRICE, SMITH & KING, LLP

*/s/ Thomas J. Cotton*
Thomas J. Cotton (admitted *pro hac vice*)
tjc@spsk.com
220 Park Avenue
Florham Park, NJ
Telephone: 973.539.1000
Facsimile: 973.540.7300

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

On the 11th day of June, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties pursuant to the Federal Rules of Civil Procedure.

*/s/ Thomas J. Cotton*
Thomas J. Cotton