IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
21 NOV 22 AM 9:44
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| JOSE DELGADO, | § | |
| PLAINTIFF, | § | |
| | § | CAUSE NO. 1:21-CV-251-LY |
| V. | § | |
| | § | |
| PRO CUSTOM SOLLAR LLC D/B/A | § | |
| MOMENTUM SOLAR, | § | |
| DEFENDANT. | § | |

## ORDER

Before the court are Defendant's Motion to Dismiss filed May 21, 2021 (Doc. #8); Plaintiff's Response in Opposition to the Defendant's Motion to Dismiss filed June 4, 2021 (Doc. #11); Defendant's Reply in Further Support of the Motion to Dismiss filed June 11, 2021 (Doc. #12); and Plaintiff's Notice of Supplemental Authority in Opposition to Defendant's Motion to Dismiss filed June 30, 2021 (Doc. #13). Having considered the motion, response, reply, and supplemental authority, along with the applicable law, the court finds that the motion to dismiss should be denied for the reasons to follow.

## BACKGROUND

Plaintiff Jose Delgado alleges that Defendant Pro Custom Solar, LLC ("Pro Custom"), violated the Telephone Consumer Protection Act ("TCPA")[1] and Section 302.101 of the Texas Business & Commerce Code through that same conduct by unlawfully contacting him in connection with telephone solicitations. Delgado registered his cell phone on the Do Not Call Registry in October 2003, to "obtain solitude and to avoid irritating solicitation calls." Nevertheless, Delgado alleges that between November 2019 and March 2020, Pro Custom called

---

[1] 47 U.S.C. § 227 (2014 & Supp. 2021).

him on at least six occasions. These calls were made on dates including but not limited to November 8, 2019, January 29, 2020, January 30, 2020, and February 2, 2020.

Delgado contends that Pro Custom "used a dialing system which had the capacity to store or call phone numbers using a random or sequential number generator" to place the phone calls in question. Specifically, Delgado argues that Pro Custom maintains a stored list of telephone numbers of consumers for marketing, collection, and communication purposes, and that Pro Custom uses a "predictive dialing system," which has "the capacity to generate numbers randomly or sequentially," to call numbers stored in its database using a "random or sequential number generator." Delgado asserts that Pro Custom utilizes such a system because "[Pro Custom]'s calls to [Delgado] began with a noticeable pause prior to a live representation of [Pro Custom] coming on the line."

## STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The United States Supreme Court expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the court

must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

## ANALYSIS

### I. Count I: Unlawful use of an automatic telephone dialing system

Pro Custom asserts that Delgado's complaint is insufficient because his "allegations are conspicuously disconnected from the [automatic telephone dialing system] definition" established by the U.S. Supreme Court in *Facebook Inc. v. Duguid*, ___ U.S. ___, 141 S. Ct. 1163, 1164 (2021). The court disagrees.

The TCPA prohibits abuses of telemarketing by making it unlawful for persons "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice— . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines an auto dialer as equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and to dial those numbers. *Id.* at § 227(a)(1). In *Duguid*, the U.S. Supreme Court interpreted this statute to mean that "an automatic telephone dialing system" must have the capacity "either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." 141 S. Ct. at 1164. Accordingly, an automatic device must randomly or sequentially generate—not just store—numbers to be considered an automatic telephone dialing system ("ATDS") under the Act.

Applying this standard, the U.S. Supreme Court held that Facebook did not violate the TCPA because its devices failed to dial Duguid's phone number "randomly or sequentially." *Id.*

3

Duguid merely alleged that Facebook maintained a database that stored phone numbers, and that the company's equipment used those stored numbers to send automated text messages to specified users when Facebook detected login activity on the accounts of those users. *Id.* at 168. Delgado's complaint materially differs from the complaint in *Duguid* because Delgado does not allege that Pro Custom placed targeted calls to him.

Pro Custom further asserts that Delgado's claims should be dismissed because he only alleges a future capacity to make automatic phone calls without alleging that the technology randomly generated the numbers dialed. Relying on *Garcia v. Rauch-Milliken Int'l.*, No. 5:18-cv-1028-FB-RBF, 2020 WL 3579201, at 14 (W.D. Tex. Feb. 14, 2020), Pro Custom argues that the future capacity of dialing technology is material. The court finds that Delgado's complaint materially differs from the complaint in *Garcia* regarding the alleged capacity of the technology. In *Garcia*, it was clear that the defendant used a "human initiator system" to make the phone calls in question. *Id.* Although the defendant in that case boasted the "capability of dialing debtors on a tremendous scale," there was no concern that the system in question had the capacity to partake in automatic dialing. *Id.*

Delgado asserts that Pro Custom used a "predictive dialing system" that "has the capacity to dial numbers using a random or sequential number generator." Delgado's assertions differ from the plaintiff's in *Garcia* because Delgado does not allege that Pro Custom's systems use a human initiator in their current state. Instead, Delgado alleges that the technology currently has ATDS capabilities. Accepting Delgado's factual assertions as true, the court concludes that Delgado has adequately alleged that Pro Custom used an ATDS consistent with the United States Supreme Court's interpretation of that term in *Duguid*.

4

## II.     Count II: Multiple unsolicited telemarketing calls

The TCPA requires two unsolicited phone calls, within one year, before a violation of the statute can be said to have occurred. *See* 47 U.S.C. § 227(c)(5). Pro Custom argues that Delgado has not satisfied this requirement because Delgado welcomed his contacts with Pro Custom. The court disagrees. Delgado's phone number has been on the Do Not Call registry since October 2003. Although Delgado concedes that he scheduled an appointment with Pro Custom to ascertain the identity of the entity placing anonymous calls, he alleges that he did so after receiving numerous unwanted calls from Pro Custom. Accordingly, the court concludes that Delgado has sufficiently plead a claim under the TCPA.

## III.    Count III: Supplemental jurisdiction

A federal district court has original jurisdiction when a complaint contains a federal question on its face. *See* 28 U.S.C. § 1367 (2018). A district court also has supplemental jurisdiction over state law claims that arise from the same controversy as the federal claim. *See id.* Delgado's federal TCPA claims and state-law claim under Section 302.101 of the Texas Business & Commerce Code both relate to Pro Custom's alleged unwanted solicitation calls. Because Delgado properly alleges his TCPA claim, the court has supplemental jurisdiction over his state-law claims.

## CONCLUSION

Having concluded that Delgado has sufficiently pleaded all three claims in his complaint,

**IT IS ORDERED** that Pro Custom Solar, LLC's Motion to Dismiss filed May 21, 2021 (Doc. #8) is **DENIED**.

SIGNED this _____ day of November, 2021.

```
                    _____
                    LEE YEAKEL
                    UNITED STATES DISTRICT JUDGE
```