UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Jose Delgado,** | |
| Plaintiff, | Case No. 1:21-cv-0251-LY |
| v. | |
| **Pro Custom Solar LLC d/b/a Momentum Solar,** | Plaintiff's Answer to Counterclaim |
| Defendant. | |

## PLAINTIFF'S ANSWER TO COUNTERCLAIM

**Jose Delgado** ("Plaintiff" or "Delgado"), by and through his attorneys, **Kimmel & Silverman, P.C.**, answers the counterclaim filed by Defendant **Pro Custom Solar, LLC d/b/a Momentum Solar** ("Defendant" or "Momentum"):

**Answer to Introduction**

1.      Denied.  Plaintiff emphatically denies any desire to harm Defendant's business and Momentum's assertions to that affect are baseless.

2.      Admitted in part and denied in part.  Plaintiff admits Momentum sells solar panels. The remaining allegations are outside the scope of what Plaintiff knows and are therefore denied.

3.      Denied.  This allegation is denied as untrue.  Responding further, this allegation is inflammatory and wholly inappropriate for a legal pleading.  Plaintiff is an upstanding and hard-working individual, who values his privacy and therefore registered his phone number on the Do Not Call registry in 2003.  Plaintiff has filed suit against Momentum because Momentum aggressively telemarkets without scrubbing the Do Not Call registry or obtaining express written consent beforehand.  Plaintiff did not "scheme" or "defraud".  He set up an appointment with

Defendant to learn the identity of the company that was placing unwanted and unlawful telemarketing calls despite his registration on the Do Not Call list and the absence of consent.  If Defendant disclosed its identity in its telemarketing campaigns, such investigative steps would not be necessary.

4.      Denied.  Plaintiff would have preferred if Momentum did not place invasive and unwanted telemarketing calls.  Plaintiff would have also preferred if Momentum disclosed its identity on the phone and would not have necessitated the investigative appointment.

**Answer to General Allegations**

5.      Admitted upon information and belief.

6.      Plaintiff is without sufficient information to admit or deny this allegation. Therefore, the allegation is denied.

7.      Plaintiff is without sufficient information to admit or deny this allegation. Therefore, the allegation is denied.  Responding further, the Telephone Consumer Protection Act requires calling parties to obtain express written consent and to provide clear and conspicuous disclosures that it would make calls with an automatic telephone dialing system and to make telemarketing calls.  Obtaining a "lead" is not the same thing as obtaining express written consent. It is Momentum's internal policies and compliance that are wanting.

8.      Denied as stated.  Responding further, Momentum did not sue Plaintiff until Plaintiff sued for its violations of the TCPA.  Momentum is not truly interested in re-couping its "losses" for purportedly wasted time and gas money.  It is retaliating and seeking to have a chilling effect on consumers who exercise their rights under the TCPA for its violations. Momentum's counterclaim is not brought in good faith.

9.      Plaintiff is without sufficient information to admit or deny this allegation. Therefore, the allegation is denied.  Responding further, if Momentum disclosed its corporate identity in the course of its unwanted telemarketing calls, investigative appointments would not be necessary.  Momentum should also respect the registration on the Do Not Call list.

10.      Denied.  Defendant's allegations in this paragraph are false, baseless made in bad faith and inappropriate for a legal pleading.  Responding further, Plaintiff is a consumer who values his solitude and privacy and registered his number on the Do Not Call registry in 2003.  Plaintiff is not interested in harming Momentum Solar, rather exercising his rights for their violation of consumer privacy laws.  Plaintiff arranged an appointment with Momentum because the company does not adequately disclose its identity in the course of its telemarketing efforts.  Courts have repeatedly confirmed that this investigatory behavior is necessary for consumers to act as private attorneys general and hold telemarketers accountable as congress intended.  *See* Perrong v. Total Ins., No. 8:20-cv-1905-JSM-TGW, 2021 U.S. Dist. LEXIS 138123, at *11-12 (M.D. Fla. Apr. 2, 2021) ("Perrong also persuasively argues that  there is nothing wrong with a plaintiff—who receives an unwanted robocall—engaging the caller in order to determine the caller's identity"); Shelton v. Nat'l Gas & Elec., LLC, No. 17-4063, 2019 U.S. Dist. LEXIS 59235, at *12 (E.D. Pa. Apr. 5, 2019) ("the fact that he 'play[s] along' with telemarketing scripts to '"find out who [they] really are' is not as devious as Defendant suggests. A plaintiff must know the name of the telemarketer that violated the TCPA in order to bring suit against it, and the content of the message can help prove that it was a solicitation.")  If Momentum does not want to be sued or consumers to set up investigative appointments, it should obtain proper express written consent, scrub the Do Not Call registry and disclose its identity in its outgoing calls.  Furthermore, Momentum did not sue Plaintiff for this until Plaintiff filed suit.  Accordingly, its true goal is not recouping a loss, but

retaliation and creating a chilling effect against consumer who exercise their rights under the TCPA.

11.     Denied.  Plaintiff does not fully understand this paragraph and therefore denies the allegations in same.

12.     Denied for the reasons set forth in paragraph 10.

**Response to Count One**

13.     No response is required to this paragraph.

14.     Denied as a conclusion of law to which no response is required.

15.     Denied as a conclusion of law to which no response is required.

16.     Denied as a conclusion of law to which no response is required. Responding further, Plaintiff denies he acted wrongfully in any manner.  Plaintiff set up an investigative appointment because Defendant does not comply with the law or disclose its identity in the course of its unlawful telemarketing.

Wherefore, this count should be dismissed and fees and costs should be awarded to Plaintiff

**Response to Count Two**

17. No response is required to this paragraph.

18. Denied as a conclusion of law to which no response is required.

19. Denied as a conclusion of law to which no response is required.

20. Denied as a conclusion of law to which no response is required. Responding further, Plaintiff denies he acted wrongfully in any manner.  Plaintiff set up an investigative

4

appointment because Defendant does not comply with the law or disclose its identity in the course of its unlawful telemarketing.

21.     Denied as a conclusion of law to which no response is required.

22.     Denied as a conclusion of law to which no response is required. The remaining allegations are denied.  Plaintiff leaves Momentum to its proofs.

Wherefore, this count should be dismissed and fees and costs should be awarded to Plaintiff

Response to Count Three

23.     No response is required to this paragraph.

24.     Denied as a conclusion of law to which no response is required. Responding further, Plaintiff conducted an investigative appointment in a manner that is proper and lawful as set forth in paragraph 10 of this answer.

25.     . Denied as a conclusion of law to which no response is required. Responding further, Plaintiff conducted an investigative appointment in a manner that is proper and lawful as set forth in paragraph 10 of this answer.

26.     Denied as a conclusion of law to which no response is required. Responding further, Plaintiff denies he acted wrongfully in any manner.  Plaintiff set up an investigative appointment because Defendant does not comply with the law or disclose its identity in the course of its unlawful telemarketing.

27.     Denied as a conclusion of law to which no response is required.

Wherefore, this count should be dismissed and fees and costs should be awarded to Plaintiff

**<u>Response to Prayer for Relief:</u>**

Plaintiff denies that Momentum is entitled to any relief.  Plaintiff should be awarded attorney fees and costs for having to defend this retaliatory and bad faith counterclaim.

## Affirmative Defenses

1.  Defendant's counterclaims are barred by the doctrine of laches.

2.  Defendant's counterclaims are barred by the doctrine of unclean hands.

3.  Defendant's counterclaims are barred by the doctrine of estoppel.

4.  This court lacks supplemental jurisdiction over Defendant's counterclaims under 28 USC § 1367.

5.  Defendant's counterclaims are brought in bad faith for the purpose of deterring consumers from exercising their rights under the TCPA.  Accordingly, recovery is not permissible.

6.  Defendant's counterclaims fail to state a claim upon which relief can be granted.

7.  Defendant lacks Article III standing for its counterclaims.

8.  Defendant's damages are *de minimis*.

9.  Defendant's tortious inference counterclaim is not cognizable as it fails to identify the prospective economic benefit with specificity.

10. Defendant failed to mitigate its damages.

11. Any damages incurred by Plaintiff were brought about by its own acts and omissions.


Respectfully submitted,

Dated: 12/20/21                     By: *s/ Craig T. Kimmel*
                                    Craig T. Kimmel, Esq.

Jacob U. Ginsburg Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
kimmel@creditlaw.com
jginsburg@reditlaw.com
Email: teamkimmel@creditlaw.com

CERTIFICATE OF SERVICE

I, Craig T. Kimmel, Esq. hereby certify that I served a true and correct copy of the foregoing on all parties via ECF.

*Craig T. Kimmel*